UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

EDDRENA MORRIS,
JERMAINE GRIFFITH,
KAHLITA BOULWARE, and
The Class They Seek to Represent,

    Plaintiff,

v.

HC FORKLIFT AMERICA
CORPORATION, a Domestic
Profit Company d/b/a
HC FORKLIFT,

    Defendant.
_____/

CASE NO.:

Class Action

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs EDDRENA MORRIS and JERMAINE GRIFFITH, KAHLITA BOULWARE, and the Class they seek to represent, by and through the undersigned counsel, brings this action against Defendant, HC FORKLIFT AMERICA CORPORATION d/b/a HC FORKLIFT, and in support thereof alleges:

### INTRODUCTION

1. This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") for racial discrimination and seeks to recover front pay, back pay, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief, reasonable

attorneys' fees and costs and any other relief to which the Plaintiffs, and the Class they seek to represent, are entitled.

## PARTIES

2. Defendant, HC FORKLIFT AMERICA CORPORATION ("HC FORKLIFT"), is a North Carolina for profit corporation, licensed and authorized to conduct business in the State of North Carolina. At all material times hereto, Defendant conducted business in North Carolina.

3. According to North Carolina's division of corporation's website, Defendant lists its principal address as 10405-A Granite Street, Charlotte, NC 28273. See www.SOSNC.Gov.

4. However, Defendant's website lists the address for its headquarters as 1338 Hundred Oaks Drive, Suite DD, Charlotte, NC 28217. See https://www.hcforkliftamerica.com/company-profile/

5. According to Defendant's website, Defendant provides quality forklift and warehouse products, a large inventory of spare parts, and the services needed to support its dealers and customers across the country. *Id*.

6. Defendant operates and conducts business in Mecklenburg County, North Carolina.

7. At all times material to this action, Plaintiffs, and the Class they seek to represent, applied for employment with Defendant.

8. Plaintiffs, and the Class they seek to represent, are protected by Section 1981 because:

a. They applied for, and were qualified to work for, Defendant;

   b. They are African-American/Black candidates;

   c. They suffered discrimination because of their race;

9. Plaintiffs, and the Class they seek to represent, are African-American/Black from the United States.

10. At all times material to this action, Defendant was and still is an "employer" as defined by the laws under which this action is brought.

11. Plaintiffs, and the Class they seek to represent, are adult individuals who applied for employment with Defendant in Mecklenburg County, North Carolina – which is within the jurisdiction of the Western District of North Carolina.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated pursuant to Rule 23(b)(3) of the Federal rules of Civil Procedure. There are in excess of fifty (50) African-American/Black applicants who applied and/or interviewed for employment with Defendant but were not hired or considered based on their race.

## JURISDICTION AND VENUE

13. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Section 1981.

14. This Court has jurisdiction over Plaintiffs' claims because, at all times material to this Complaint, Plaintiffs, and the Class they seek to represent, applied for employment with Defendant in Mecklenburg County, North Carolina - within the jurisdiction of the Western District of North Carolina.

15. The illegal conduct complained of, and the resultant injury occurred, in Mecklenburg County, North Carolina - within the jurisdiction of the Western District of North Carolina.

## FACTUAL ALLEGATIONS

16. Plaintiff, EDDRENA MORRIS, interviewed with Defendant on or about December 9, 2022, for an Office Manager position.

17. Plaintiff, EDDRENA MORRIS, despite being qualified, was not selected for the position.

18. Upon information and belief, a non-African-American was selected for the position

19. Plaintiff, JERMAINE GRIFFITH, interviewed with Defendant on or about January 5, 2023, for a Parts Inventory Specialist position.

20. Plaintiff, JERMAINE GRIFFITH, despite being qualified, was not selected for the position.

21. Upon information and belief, a non-African-American was selected for the position.

22. Plaintiff, KHALITA BOULWARE, applied for a Parts Inventory Specialist position with Defendant.

23. Plaintiff, KHALITA BOULWARE, despite being qualified, was not selected for the position.

24. Plaintiffs, and the Class they seek to represent, all applied for employment with Defendant but were not selected for employment, nor were they ever considered for employment, solely because of their race, African-American.

25. In most, if not all, instances where Defendant failed to hire an African-American applicant, Defendant's President, Jimmy Zhang ("Mr. Zhang"), or Vice President, Jack Hu ("Mr. Hu"), made the decision not to hire.

26. Shockingly, Mr. Zhang and Mr. Hu would routinely make racially discriminatory comments to Defendant's Human Resources/Recruiters about African-American Applicant's such as;

   a. *"Not a good fit for the company because she is black."*

   b. *"She can't be hired. She is black."*

   c. *"Don't call her back, she is black."*

   d. *"She won't work, she is black."*

   e. *"Can't be the face of the company because she is black."*

27. To that end, Mr. Zhang and Mr. Hu would direct Defendant's Human Resources/Recruiters not to interview and/or hire an applicant if they were African-American.

28. Plaintiffs, and the Class they seek to represent, have been treated less favorably in the terms and conditions of their employment opportunities due to their race.

## CLASS ALLEGATIONS

29. The Class which they seek to represent is composed of the following;

> All former African-Americans who, for the four (4) preceding the filling of this lawsuit, interviewed or submitted an application or resume for employment with HC Forklift, and were not provided an interview and/or an offer of employment with HC Forklift.

30. Numerous African American applicants have been victimized by Defendant's actions – all of which are unlawful under the laws in which this Complaint is brought.

31. Defendant was made aware of its unlawful and discriminatory practices, but those practices still continue.

32. Thus, Plaintiffs' experiences are typical of the experiences of other African-American applicants that Plaintiffs seek to represent.

33. All members of the Class that Plaintiffs seek to represent received the same discriminatory treatment by Defendant.

34. There are common questions of law and fact affecting the rights of the members of this Class who are and continue to be limited, classified, and discriminated against in ways which deprive, or tend to deprive, them of equal opportunities for employment and otherwise adversely affect their status as employees of their race. The members of this class are so numerous that joinder is impractical. A common relief is sought on behalf of the Plaintiffs and the members of this Class. The interests of the Class are adequately represented by counsel for Plaintiffs and Plaintiffs' class.

35. A class, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

# COUNT I –
# DISCRIMINATION BASED ON
# RACE IN VIOLATION OF SECTION 1981

36. Plaintiff re-alleges and adopts paragraph 1 –35 as though set forth fully herein.

37. Plaintiffs, and the Class they seek to represent, are members of a protected class under Section 1981 due to their race.

38. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiffs, and the Class they seek to represent, on the basis of their race in violation of Section 1981.

39. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiffs' federally protected rights.

40. As a direct and proximate result of the discrimination described above, Plaintiffs, and the Class they seek to represent, have suffered and continue to suffer lost wages and benefits, mental anguish, distress, humiliation and loss of enjoyment of life.

**WHEREFORE**, Plaintiffs pray for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

f. Injunctive relief;

g. Prejudgment interest;

h. Costs and attorney's fees; and,

i. Such other relief as the Court may deem just and proper.

PLAINTIFFS hereby demand a jury trial for all issues.

Dated this 2nd day of June, 2023.

**/s/JEAN MARTIN**
Jean Martin, Esq.
North Carolina Bar No.: 25703
Morgan & Morgan, P.A.
201 N Franklin St., 7th Floor,
Tampa, FL 33602
Telephone (813) 559-4908
Email: jeanmartin@forthepeople.com
**/s/ JAMES J. HENSON**
James J. Henson, Esq.
Florida Bar No.: 77476
*Pending Pro Hac Vice Acceptance*
**/s/ MATTHEW R. GUNTER**
Matthew R. Gunter, Esq.
Florida Bar No.: 77459
*Pending Pro Hac Vice Acceptance*
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32802
Telephone (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
mgunter@forthepeople.com
*Attorneys for Plaintiff*